NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  BOSE CORPORATION,**
*Petitioner*

---

2021-145

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00661-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before LOURIE, DYK, and REYNA, *Circuit Judges.*

DYK, *Circuit Judge.*

## O R D E R

Bose Corporation petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to stay all non-venue-related proceedings until the district court resolves Bose's pending motion to dismiss or transfer.  Koss Corporation opposes.

In July 2020, Koss filed this patent infringement suit in the Western District of Texas against Bose.  In December 2020, Bose moved to dismiss the case for improper venue or to transfer the case to the United States District

Court for the District of Massachusetts. Briefing on that motion closed on March 4, 2021.

A week later, Bose moved to stay all non-venue proceedings. On March 23, 2021, the district court issued a standing order stating that it will either rule on pending inter-district transfer motions before conducting a *Markman* hearing or postpone the hearing. *See* Appx0352. On April 16, 2021, the district court judge informed the parties that he anticipated an order being issued "next week" on the venue motion and, in the meantime, to continue with current deadlines. Appx0339–40. Bose filed this petition on May 10, 2021.

Mandamus is "reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Under the well-established standard for obtaining mandamus relief, the petitioner must: (1) show that it has a clear and indisputable legal right; (2) show it does not have any other method of obtaining relief; and (3) convince the court that the "writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citation omitted). Bose has not met that demanding standard.

Bose calls to this court's attention cases that have held that district courts must first address whether it is a proper and convenient venue before deciding the substantive matters of a case. *In re Nintendo Co.*, 544 F. App'x 934, 941 (Fed. Cir. 2013); *In re SK hynix Inc.*, 835 F. App'x 600, 601 (Fed. Cir. 2021) (granting mandamus to stay upcoming *Markman* hearing); *In re TracFone Wireless, Inc.*, No. 2021-118, 2021 WL 865353, at *2 (Fed. Cir. Mar. 8, 2021) (granting mandamus to stay post-*Markman* deadlines until the district court has resolved transfer motion).

But under the district court's March 23, 2021 standing order, the district court has made clear that it will not conduct a *Markman* hearing until after resolution of Bose's

pending motion to dismiss or transfer the case.* *See* Appx0352 ("The Court will not conduct a Markman hearing until it has resolved the pending motion to transfer."); *see also* Appx0375 (indicating that discovery, other than venue, jurisdictional, and claim construction-related discovery, is stayed until after the *Markman* hearing).

The only deadlines Bose seeks to stay are the deadlines to file its responsive *Markman* brief and sur-reply *Markman* brief. Bose has identified no authority establishing a clear legal right to stay those deadlines nor shown that it will be irreparably harmed absent a writ. This court has generally refused to grant such extraordinary relief under these circumstances, *In re Apple Inc.*, 844 F. App'x 364, 365 (Fed. Cir. 2021), and we see no reason to do so here. We expect the district court will promptly decide the pending motion to dismiss or transfer.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

May 25, 2021          /s/ Peter R. Marksteiner
Date                  Peter R. Marksteiner
                      Clerk of Court

s32

---

* The *Markman* hearing is currently scheduled for July 20, 2021 but could change pursuant to the standing order.